JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-05547-RGK | Date | January 21, 2026 |
|---|---|---|---|
| Title | *Alpha Beta Gamma Trust et al v. Avery et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**          **(IN CHAMBERS) Order Re: Order to Cause Concerning Brief Filing**

On June 18, 2025, Scott Eric Rosenstiel ("Appellant") filed a Notice of Appeal of the Bankruptcy Court's order dismissing an adversary proceeding. (ECF No. 1.) In the Notice of Appeal, Appellant identifies the Bankruptcy Court's dismissal order filed on June 2, 2025 as the focus of the appeal. (*Id.*) Within this June 2, 2025 order, the Bankruptcy Court dismissed Gunter Zielke and Prapapun Zielke without prejudice because Appellant failed to serve either Zielke party with the summons and complaint and neither had appeared in the action. *See* Order Dismissing Zielke Parties, *Rosenstiel v. Avery et al*, 2:25-ap-01011-BR, ECF No. 51 (Bankr. C.D. Cal. June 2, 2025) ("June 2, 2025 Order"). Since the Zielke parties were the only remaining defendants at that time, the Bankruptcy Court dismissed the adversary proceeding in its entirety. *Id.*

On September 30, 2025, the Court ordered the following briefing schedule: Appellant must file opening brief by October 27, 2025; Appellees must file responsive brief by November 26, 2025; and Appellant must file optional reply brief by December 17, 2025. (ECF No. 15.) On October 31, 2025, the parties in this appeal stipulated to extend the schedule for filing the appeal briefing. (ECF No. 19.) The Court denied the stipulation for no good cause shown. (ECF No. 20.)

Since then, no appeal brief was filed in this action. On January 9, 2026, the Court ordered Appellant to show cause as to why no opening brief had been filed. On January 16, 2026, Appellant filed his response, citing to Appellant's counsel's confusion and personal problems as the reason for the failure to file Appellant's opening brief.

After considering Appellant's response and the length of time that has passed since the opening brief was first due, the Court finds no good cause has been shown and **DISMISSES** the appeal. *See* Fed. R. Bankr. P. 8018(a)(4) ("If an appellant fails to file a brief on time or within an extended time

---

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-05547-RGK | Date | January 21, 2026 |
|---|---|---|---|
| Title | *Alpha Beta Gamma Trust et al v. Avery et al* | | |

authorized under (a)(3), the district court or BAP may—on its own after notice or on the appellee's motion—dismiss the appeal.").[1]

**IT IS SO ORDERED.**

cc: USBC - 2:24-bk-16225-BR
AP Docket - 2:25-ap-01011-BR

_____ : _____
Initials of Preparer          JRE/gz

---

[1] Notably, in Appellant's Response, Appellant's counsel represented that "while [he] prepared the Opening Brief for this Appeal, [he] filed it in Case No. 2:25-cv-04485-RGK. Please also keep in mind that both Appeals arose from the same adversary proceeding ("AP"), so [he] simply confused them." (Response at 2, ECF No. 25.) As Appellant acknowledged, the Court has already rendered a decision on this other bankruptcy appeal, in which Appellant appealed a different order in which the Bankruptcy Court dismissed two entirely different defendants. *See generally In re Alpha Beta Gamma Trust*, 25-cv-04485-RGK (C.D. Cal. Jan. 16, 2026). In the opening brief Appellant filed in this other bankruptcy appeal, Appellant completely fails to address Appellant's failure to serve the Zielke parties with a complaint and summons, the basis for the presently appealed June 2, 2025 Order. Thus, here, if Appellant's counsel indeed made the mistake of filing the opening brief in the wrong bankruptcy appeal, the Appellant would not have met his burden in this bankruptcy appeal. *See Hoyos v. Davis*, 51 F.4th 297, 304 n.5 (9th Cir. 2022) ("[Appellant] mentions, but does not substantively argue, his [theory] in his briefing before our court. Therefore, this argument is forfeited."); *see also De Xiang Holding Ltd. v. Klein, Tr. for Est. of Silver Plaza, LLLP*, 2023 WL 6307242, at *2 (W.D. Wash. Sept. 28, 2023) ("If a[ bankruptcy] appellant does not substantively argue an issue presented on appeal, that issue is forfeited.").